IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDY McKINLEY,                                           CV. 06-780-ST

        Plaintiff,                          ORDER TO DISMISS

    v.

BERNIE GUISTO,

        Defendant.

HAGGERTY, District Judge.

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*.  However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2).

**<u>BACKGROUND</u>**

    Plaintiff's Complaint, in its entirety, reads as follows:

    SHERIF BERNIE GUSTIO ADMINISTRATION FAILS DUE PROCESS NO LAW
    LIBRARY MY CASE NOTHING, MY VIOLATION I HAVE NO IDEA NOT AN
    AMBIT I A GOOD HEAD OF CABAGE.  ENTIRE RECORD CRIMINAL,

1 - ORDER TO DISMISS

DRIVING, & PAROLE ERASED. $2500 A DAY FOR ENCARCERATION IMIDIATE RELEASE.

Complaint (docket #2).

### STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B) the action . . .

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the

2 - ORDER TO DISMISS

plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  In this case, plaintiff makes a blanket reference to "due process" which the court considers to be a federal constitutional reference.  It is not entirely clear,

however, exactly what his claims are, or how the named defendants personally participated in the alleged due process violations he intends to allege. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant").

Plaintiff appears to allege that he was denied the use of a law library while he was held at the Multnomah County Detention Center, which the court construes as an access to courts claim. An inmate's fundamental right of access to the courts is satisfied if the State provides either adequate law libraries or adequate assistance from persons trained in the law. Lewis v. Casey, 518 U.S. 343, 350 (1996). If the State has not provided an inmate with adequate tools to access the courts, a plaintiff may only pursue a valid cause of action if he can show "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. It is unclear from plaintiff's Complaint how he was denied access to the courts, and how he suffered prejudice as a result.

Plaintiff also asks the court to award him $2500 for each day of his incarceration. It is not clear whether plaintiff's prayer for relief is related to his alleged inability to access the courts, or if plaintiff is attempting to state a separate claim for false imprisonment. To the extent plaintiff wishes to bring a

false imprisonment claim, he must make his claim clearer before the court will order defendants to answer the claim.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (docket #2) is DISMISSED for failure to state a claim. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this  18th  day of October, 2006.


                         /s/ Ancer L. Haggerty
                         Ancer L. Haggerty
                         United States District Judge